Cornelius **COOPER**, Michael **Edwards**, **Charcella Green**, Patricia **Harris**, Sarah Jean **Harris**, Irene **McCullers**, and Carolyn **Wilson**, Plaintiffs,

v.

**SOUTHERN COMPANY**, Georgia Power Company, Southern Company Services, Inc., and Southern Company Energy Solutions, Inc., Defendants.

Civ.A. No. 1:00–CV–2231–ODE.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 31, 2003.

**684**

R. Lawrence Ashe, Jr., Nancy E. Rafuse, Susan Elisabeth Himmer, Paul Hastings Janofsky & Walker, Atlanta, GA, for Edison Electric Institute.

Michael B. Terry, Joshua F. Thorpe, Steven Rosenwasser, Bondurant Mixson & Elmore, Atlanta, GA, J. Keith Givens, Angela Joy Mason, Cochran Cherry Givens Smith & Sistrunk, Dothan, AL, Hezekiah Sistrunk, Jr., Cochran Cherry Givens Smith & Sistrunk, Atlanta, GA, Jock Michael Smith, Cochran Cherry Givens & Smith, Tuskegee, AL, Johnnie L. Cochran, Jr., Cochran Cherry Givens & Smith, Los Angeles, CA, Johnnie L. Cochran, Jr., The Cochran Firm, Schnieder Kleinick Weitz, Damashek, et al., New York City, for Cornelius Cooper, Michael Edwards, Charcella Green, Patricia Harris, Sarah Jean Harris, Irene McCullers, Carolyn Wilson, Individually and as Class Representatives, plaintiffs.

W. Ray Persons, King & Spalding, Richard Gerakitis, Stephen William Riddell, Charles A. Hawkins, Frederick Cobb Dawkins, Ashley Zeiler Hager, Sheldon W. Snipe, Troutman Sanders, Eric Jon Taylor, Walter Christopher Arbery, Kelly D. Ludwick, Hunton & Williams, Atlanta, GA, for Southern Company, Georgia Power Co., Southern Company Services, Inc., Southern Company Energy Solutions, Inc., defendants.

## ORDER

EVANS, District Judge.

This civil matter alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., and 42 U.S.C. § 1981 is presently before the court on the following motions: Plaintiffs' motion to compel production of numerous reports, data, analyses, and documents [180]; Defendants' motion to compel production of interrogatories and all requested documents [181]; Defendants' motion to exclude any evidence relating to Plaintiffs' medical or psychological conditions, or in the alternative, to compel production of that information [182]; Plaintiffs' motion for fees and costs [184]; Plaintiffs' motion for leave to file a supplemental response to Defendants' motion to exclude evidence relating to Plaintiffs' medical or psychological conditions, or in the alternative, to compel production of that information [193]; Defendants' motion to sever, or in the alternative, for separate trials [220]; Defendants' motion to strike exhibits contained in the Plaintiffs' responses to Defendants' motions for summary judgment [278]; Defendants' motion to strike certain affidavits contained in Plaintiffs' responses to Defendants' motions for summary judgment [279]; Defendants' motion to strike the declaration of John Del Roccili, contained in Plaintiffs' responses to Defendants' motions for summary judgment [280]; Plaintiffs' motion for leave to file surreplies to address new arguments in Defendants' reply memoranda [284]; Plaintiff Edwards' motion to strike Defendants' reply brief, or in the alternative, for leave to file a response to the newly raised arguments [285]; and Plaintiffs' motion to strike Defendants' responses to Plaintiffs'

statement of disputed facts contained in Defendants' reply briefs [286].

The facts of this case are set out more fully in this Court's October 11, 2001 order denying class certification. A brief summary of the relevant facts follows. The seven named Plaintiffs filed this action alleging discrimination in employment based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981 on July 27, 2000. After the Court denied Plaintiffs' motion for class certification, Defendants filed motions for summary judgment on the individual claims of each of the named Defendants. In separate orders, this Court grants Defendants' motions for summary judgment on all Plaintiffs' claims. For the reasons stated below, Plaintiffs' motion to compel production of numerous reports, data, analyses, and documents is DENIED; Defendants' motion to compel production of interrogatories and all requested documents is DENIED as moot; Defendants' motion to exclude any evidence relating to Plaintiffs' medical or psychological conditions, or in the alternative, to compel production of that information is DENIED as moot; Plaintiffs' motion for fees and costs is DENIED; Plaintiffs' motion for leave to file a supplemental response to Defendants' motion to exclude evidence relating to Plaintiffs' medical or psychological conditions, or in the alternative, to compel production of that information GRANTED; Defendants' motion to sever, or in the alternative, for separate trials is DENIED as moot; Defendants' motion to strike exhibits contained in the Plaintiffs' responses to Defendants' motions for summary judgment is DENIED; Defendants' motion to strike certain affidavits contained in Plaintiffs' responses to Defendants' motions for summary judgment is DENIED; Defendants' motion to strike the declaration of John Del Roccili, contained in Plaintiffs' responses to Defendants' motions for summary judgment is GRANTED; Plaintiffs' motion for leave to file surreplies to address new arguments in Defendants' reply memoranda is GRANTED; Plaintiff Edwards' motion to strike Defendants' reply brief is DENIED but the motion for leave to file a response to the newly raised arguments is GRANTED; and Plaintiffs' motion to strike Defendants' responses to Plaintiffs' statement of disputed facts contained in Defendants' reply briefs is DENIED.

*Plaintiffs' motion to compel production of numerous reports, data, analyses, and documents* [180]

Plaintiffs seek to compel the production of various reports, data, analyses and documents relating to Defendants' employment policies. Upon a full review of the record, the Court finds that Plaintiffs have failed to provide sufficient justification in their briefs for the motion to compel. The court therefore DENIES Plaintiffs' motion to compel [180].

*Defendants' motion to compel production of interrogatories and all requested documents* [181]

In their motion, Defendants seek to compel Plaintiff Cooper's response to specific interrogatories and Plaintiffs Patricia Harris, Sarah Jean Harris and Michael Edwards' production of specific documents. Because the Court grants Defendants' motions for summary judgment on all Plaintiffs' claims, Defendants' motion to compel is DENIED as moot.

*Defendants' motion to exclude any evidence relating to Plaintiffs' medical or psychological conditions, or in the alternative, to compel production of that information* [182]

In this motion, Defendants seek to exclude evidence relating to Plaintiffs' medical conditions. Because the Court grants Defendants' summary judgment motions, the motion to exclude is DENIED as moot.

*Plaintiffs' motion for fees and costs* [184]

In this motion, Plaintiffs seek an order under Federal Rule of Civil Procedure 37(b) awarding Plaintiffs their costs and fees associated with responding to Defendants' motion to compel [181]. Under Rule 37(a)(4)(B), "[i]f the motion is denied, the court . . . shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the

motion was substantially justified or that other circumstances make an award of expenses unjust." In their reply brief, Defendants raise arguments suggesting that the motion to compel was substantially justified. However, because the Court grants Defendants' motions for summary judgment and denies Defendants' motion to compel as moot, the Court does not decide the motion to compel on the merits. Accordingly, Plaintiffs' motion for costs and fees is DENIED.

*Plaintiffs' motion for leave to file a supplemental response to Defendants' motion to exclude evidence relating to Plaintiffs' medical or psychological conditions, or in the alternative, to compel production of that information* [193]

Plaintiffs contend that a supplemental response is necessary to respond to new issues raised in Defendants' reply brief. Plaintiffs' motion for leave to file a supplemental response is GRANTED.

*Defendants' motion to sever, or in the alternative, for separate trials* [220]

Because the Court granted Defendants' motions for summary judgment on all of Plaintiffs' claims, Defendants' motion to sever is DENIED as moot.

*Defendants' motion to strike exhibits contained in the Plaintiffs' responses to Defendants' motions for summary judgment* [278]

■ Defendants have filed a motion to strike this evidence, arguing that it is inadmissible because it is unauthenticated and constitutes inadmissible hearsay. However, this argument is unavailing because there is no requirement that evidence be presented in admissible form at summary judgment as long as the evidence would be admissible at trial. *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir.1996). The evidence at issue would likely be admissible at trial. *See, e.g.*, 31 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure § 7105 (2000)("Authentication can also be accomplished through judicial admissions such as … production of items in response to … [a] discovery request."); F.R.E. 803(6) (hearsay exception for business record); F.R.E. 801(d)(2)(D) (admission by party opponent does not constitute hearsay); F.R.E. 806

(hearsay exception for purposes of impeachment). In any case, because the Court finds that Plaintiffs' evidence, including the challenged exhibits, failed to create genuine issues of fact, Defendants' motion to strike is DENIED as moot.

*Defendants' motion to strike certain affidavits contained in Plaintiffs' responses to Defendants' motions for summary judgment* [279]

Defendants move to strike certain affidavits submitted by Plaintiffs in support of Plaintiffs' opposition to Defendants' motions for summary judgment. The Court is inclined to agree with Defendants' argument that at least some of the challenged provisions fail to meet the requirements for affidavits submitted under Federal Rule of Civil Procedure 56. However, because the Court found that Plaintiffs' evidence, including the challenged affidavits, failed to create genuine issues of fact, Defendants' motion to strike is DENIED as moot.

*Defendants' motion to strike the declaration of John Del Roccili, contained in Plaintiffs' responses to Defendants' motions for summary judgment* [280]

■ Also pending is Defendants' Motion to Strike the Declaration of John Del Roccili. Defendants move to strike Del Roccili's declaration filed by Plaintiff in support of their opposition to Defendants' motions for summary judgment—in its entirety, alleging that the declaration is inadmissible because it does not meet the requirements for expert testimony and because the declarant lacks personal knowledge of the facts asserted as required under Federal Rule of Civil Procedure 56(e). In response, Plaintiff contends that the declaration does not constitute expert testimony and that the declaration otherwise meets the requirements of Rule 56. For the reasons stated below, Defendants' motion is granted.

The declaration, attached by Plaintiffs to each of their responses to Defendants' motions for summary judgment on the individual claims of each Plaintiff, purports to summarize information extracted from Defendants' human resources databases. According to Plaintiffs, the report does not

constitute expert testimony because it does not contain expert opinion or analysis but only the declarant's summary of factual information produced by Defendants. It is true that the bulk of the report constitutes factual statements related to Plaintiffs' employment histories. However, at least three paragraphs purport to provide the results of the declarant's analysis of various facts. Del Roccili Dec. ¶ 33 (reporting results of an analysis as to whether black employees were moved to lower pay grade level position but not compensated at the maximum salary in the lower pay grade range); *id.* at ¶ 41 (analysis to determine the number of instances in which white employees received a "new job" promotion and were awarded a 9% or higher salary increase); *id.* at ¶ 48 (analysis to determine the statistical probability that none of the black applicants would be interviewed for a specific position).

The declaration is inadmissible as expert testimony because it is untimely and fails to comport with the requirements of Federal Rule of Civil Procedure 26(a)(2) and Local Rule 26.2(C). Fed R. Civ. P. 26(a)(2); Local Rule 26.2(C), N.D. Ga. The local rule provides:

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.
>
> Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

Local Rule 26.2(C), N.D. Ga.

Rule 26(a)(2) requires a party to identify any expert witnesses and disclose a statement of the intended testimony and its basis as directed by the court. Fed.R.Civ.P. 26(a)(2). The disclosure rule is enforced through Rule 37(c)(1), which provides that a "party that without substantial justification fails to disclose information required by [Rule 26] shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or any information not so disclosed." Fed.R.Civ.P. 37(c)(1). Plaintiffs do not contest that they failed to provide a statement summarizing Del Roccili's testimony but argue that such summary was not required because the declaration does not constitute expert testimony.

■ However, Del Roccili's declaration also fails to meet the requirements for fact testimony submitted in declaration form. A declaration made under penalty of perjury may be submitted in lieu of an affidavit. 28 U.S.C. § 1746. Declarations, however, are subject to the same requirements as affidavits submitted under Federal Rule of Civil Procedure 56(e). *See AirTran Airlines Inc. v. Plain Dealer Pub. Co.,* 66 F.Supp.2d 1355, 1361 (N.D.Ga.1999). Rule 56 provides that affidavits filed in support of a motion for summary judgment "shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence." *Fed.R.Civ.P.* 56(e). A court, however, may only strike the inadmissible portions, and will consider the admissible portions. *See Lee v. Nat'l Life Assurance Co. of Canada,* 632 F.2d 524, 529 (5th Cir.1980);[1] *Webster v. Fulton County,* 44 F.Supp.2d 1359, 1372 (N.D.Ga.1999). "Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, 'upon information and belief'—instead of only knowledge—from raising genuine issues of fact sufficient to defeat summary judgment." *Pace v. Capobianco,* 283 F.3d 1275, 1278 (11th Cir.2002). In the declaration, Del Roccili makes the following disclosure:

> I have been asked by plaintiffs [sic] counsel to examine or to have someone examine under my supervision the data that has been produced in discovery by the defendants [sic] companies ("SoCo") and report information relating to the individual plain-

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

*Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

tiffs as identified below. It is my understanding that the data I have received are extracted from SoCo's human resources databases.... I declare that the following paragraphs accurately cite and reflect data contained within the databases I have received from SoCo.

Del Roccili Dec. ¶¶ 2–3. That Del Roccili does not have personal knowledge of the facts to which he attests—that documents from Defendants' databases contain the information he reports in his declaration—precludes the consideration of his declaration in deciding Defendants' motion for summary judgment. Accordingly, Defendants' motion to strike is GRANTED.

*Plaintiffs' motion for leave to file surreplies to address new arguments in Defendants' reply memoranda [284]*

In this motion, Plaintiff argue that they should be allowed to file sur-replies to Defendants' reply briefs filed in support of their motions for summary judgment. Plaintiffs' motion is GRANTED.

*Plaintiff Edwards' motion to strike Defendants' reply brief, or in the alternative, for leave to file a response to the newly raised arguments [285]*

In this motion, Plaintiff Edwards seeks to strike Defendants' reply brief filed in support of Defendants' motion for summary judgment on Plaintiff Edwards' claims. Plaintiff argues that Defendants' reply brief contains new arguments that Defendants failed to address in their motion for summary judgment. Upon a full review of the record, the Court finds that an order striking the motion is unwarranted and Plaintiff Edwards' motion to strike is therefore DENIED. However, Plaintiff Edwards' motion for leave to file a response to newly raised arguments is GRANTED.

*Plaintiffs' motion to strike Defendants' responses to Plaintiffs' statement of disputed facts contained in Defendants' reply briefs [286]*

In this motion, Plaintiffs seek an order striking Defendants' responses to Plaintiffs' statement of disputed facts contained in Defendants' reply brief. Upon a full review of the record, the Court finds that an order

striking the motion is unwarranted and Plaintiffs' motion to strike is therefore DENIED.

Accordingly, for the reasons stated above, Plaintiffs' motion to compel production of numerous reports, data, analyses, and documents [180] is DENIED; Defendants' motion to compel production of interrogatories and all requested documents [181] is DENIED as moot; Defendants' motion to exclude any evidence relating to Plaintiffs' medical or psychological conditions, or in the alternative, to compel production of that information [182] is DENIED as moot; Plaintiffs' motion for fees and costs [184] is DENIED; Plaintiffs' motion for leave to file a supplemental response to Defendants' motion to exclude evidence relating to Plaintiffs' medical or psychological conditions, or in the alternative, to compel production of that information [193] is GRANTED; Defendants' motion to sever, or in the alternative, for separate trials [220] is DENIED as moot; Defendants' motion to strike exhibits contained in the Plaintiffs' responses to Defendants' motions for summary judgment [278] is DENIED as moot; Defendants' motion to strike certain affidavits contained in Plaintiffs' responses to Defendants' motions for summary judgment [279] is DENIED as moot; Defendants' motion to strike the declaration of John Del Roccili, contained in Plaintiffs' responses to Defendants' motions for summary judgment [280] is GRANTED; Plaintiffs' motion for leave to file surreplies to address new arguments in Defendants' reply memoranda [284] is GRANTED; Plaintiff Edwards' motion to strike Defendants' reply brief [285–1] is DENIED but the motion for leave to file a response to the newly raised arguments [285–2] is GRANTED; and Plaintiffs' motion to strike Defendants' responses to Plaintiffs' statement of disputed facts contained in Defendants' reply briefs [286] is DENIED.

All matters in this case having been ruled upon, the Clerk is directed to enter judgment for Defendants, with each side to bear its own costs.